UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10117-RWZ

UNITED STATES OF AMERICA

v.

DARREN FRANKLIN

MEMORANDUM AND ORDER ON GOVERNMENT'S
<u>MOTION FOR DETENTION</u>

May 4, 2004

COHEN, M.

The above-named defendant was arrested on the basis of an indictment

charging him in a number of counts with distribution of crack cocaine in a school zone.

On the occasion of his first appearance before this court, the government moved for

pretrial detention on the grounds of danger to the community and risk of flight.  After

appointment of counsel, and a continuance at the request of the defendant, the

detention hearing was held on April 23, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not

impose a financial condition that results in the pretrial detention of the person."  Thus, a

defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or

detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C.

3142(a).

Under ß3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by <u>clear and convincing</u> evidence, after a detention hearing under the provisions of ß3142(f), "...that no condition or combination of conditions (set forth under ß3142(b) or (c)) will reasonably assure the safety of any other person or the community....", or if the judicial officer finds by <u>a preponderance of</u> the evidence, after a detention hearing under the provisions of ß3142(f), "...that no condition or combination of conditions (set forth under ß3142(b) or (c)) will reasonably assure the appearance of the person as required ...".[1]

B.   The government is entitled to move for detention on grounds of danger to the community in a case that--

(1) involves a crime of violence within the meaning of ß3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; <u>or</u>

(4) involves <u>any</u> felony alleged to have been committed after the defendant has

---

[1]    The distinction between the former and latter are made clear by the very language of Section  3142(f). In the last paragraph of that section, Congress has stated there must be <u>clear and convincing</u> evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the <u>safety of any other person and the community</u>...". (Last emphasis added).  By not requiring that same standard <u>vis</u> <u>a</u> <u>vis</u> an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence-- applies.  And that is precisely the holding in this and other Circuits.  <u>See</u> <u>e.g.</u>, <u>United States</u> v. <u>Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991); <u>United States</u> v. <u>Jackson</u>, 823 F.2d 4, 5 (2d Cir. 1987); <u>United States</u> v. <u>Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir.), <u>cert. dismissed</u>, 107 S.Ct. 562 (1986); <u>United States</u> v. <u>Chimurenga</u>, 760 F.2d 400, 405 (2d Cir. 1985); <u>United States</u> v. <u>Himler</u>, 797 F.2d 156, 161 (3d Cir. 1986).

[2]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States</u> v. <u>Moss</u>, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

been convicted of two or more crimes of violence, or of a crime, the punishment for

which is death or life imprisonment, or a ten year [or more] offense under the Controlled

Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua</u> <u>sponte</u> may move for, or set, a

detention hearing where there is a serious risk that the defendant will flee, or where

there is a serious risk of obstruction of justice or threats to potential witnesses. See 18

U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably

assure the appearance of the person as required and the safety of any other person

and the community, or whether pretrial detention is warranted, the judicial officer must

take into account and weigh information concerning--

   (a) the nature and circumstances of the offense charged, including
whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including--

   (i) his character, physical and mental condition, family ties, employment,
financial resources, length of residence in the community, community ties, past
conduct, history relating to drug or alcohol abuse, criminal history, and record
concerning appearance at court proceedings; and

   (ii) whether, at the time of the current offense or arrest, he was on probation,
on parole, or other release pending trial, sentencing, appeal, or completion of
sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the
community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider

two <u>rebuttable</u> presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of ß3156(a)(4) [or a state crime of violence within the meaning of ß3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, or any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or

the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of

18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal

offense which is a felony.

Insofar as the latter "presumption" is applicable in assessing "risk of flight", the

burden remains with the government to establish "...that no condition or combination of

conditions will reasonably assure the appearance of the person as required....". In

striking the proper balance, this court must bear in mind Congress' findings that major

drug offenders, as a class, pose a special danger of flight. The burden then rests on

the defendant to come forward with "some evidence", <u>United States</u> v. <u>Dillon</u>, 938 F.2d

1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to

him for whatever reason advanced. At this point, this court must weigh all relevant

factors [set forth under ß3142(g)], and then determine whether any condition or

combination of conditions will reasonably assure the appearance of the [defendant] as

required....".  The decision is an individualized one based on all relevant factors. See

<u>United States</u> v. <u>Jessup</u>, 757 F.2d 378 (1st Cir. 1985).[3]

---

[3]    The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, <u>inter</u> <u>alia</u>:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, <u>Jessup</u>, 757 F.2d at 387--to be considered along with other factors.

<u>United States</u> v. <u>Palmer-Contreras</u>, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); <u>see</u> <u>also</u>, <u>United States</u> v. <u>Perez-Franco</u>, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government <u>and the rebutted presumption retains evidentiary weight</u>. (Emphasis added).

<u>United States</u> v. <u>Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). <u>See</u> <u>also</u>, <u>United States</u> v.

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause, and triggers the applicability of the particular presumption.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the absence of a finding by clear and convincing evidence that the accused will engage in physical violence. To the contrary, as noted by the Committee on the Judiciary (Report of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress, Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community." (Emphasis added; footnotes omitted).

---

Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S. 962 (1980)(trafficking in controlled substances).[4]

Finally, the presumptions are applicable if the judicial officer finds probable cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[5]

II. The defendant is 29 years old, having been born in Boston in 1974. Before his most recent arrest, he was living with his girlfriend in Brockton for the past eight months.[6] He is single, and has one child.[7] His parents reside in Randolph, Massachusetts. He is currently unemployed, having been unemployed for at least the

---

[4] A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D). That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is appropriate under that latter section. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

[5] In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding. The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia. This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute. The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play. But a formal charge, as such, is only one method by which to give that fair notice. For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery. That is clearly fair notice.

Because of the nature of the charges in this case, the statutory presumptions are clearly applicable.

[6] Before that, he lived with his parents for one year. The record indicates that, when he was living with his parents in 1993, his mother, Emily Franklin, sought and obtained a civil restraining order against the defendant based on abuse.

[7] The child lives with the mother.

past year.  He reports no significant assets or liabilities.[8]

The defendant has a lengthy and significant criminal record, both juvenile and adult, beginning in 1989.  The details of that criminal record are set forth in the Pretrial Services Report.  Among other things: Some eighty-eight (88) criminal charges, more or less, have been brought against the defendant since 1989.[9]  Over the course of that prior criminal record, some thirty-two (32) defaults, including some seven (7) default <u>warrants</u>, have issued against the defendant.  He has been adjudicated delinquent and convicted on eleven narcotics¡ charges in the past.  He was adjudicated delinquent or convicted of crimes of violence (*i.e.*, assault and battery, assault and battery with a dangerous weapon, and threatening) on some six different occasions.  On two occasions, he was convicted on charges of giving a false name to police officers upon his arrest.[10] And, most importantly, he has been convicted on some twenty-four (24) different offenses, including distribution of narcotics offenses, receiving stolen property, firearms offenses, providing false identification upon arrest, and assault and battery with a dangerous weapon, <u>while on pretrial release</u>.

III.   The indictment charges the defendant with distributing crack cocaine in a school zone on three different occasions.  At the detention hearing, the government limited its evidence to the distribution set forth in Count 2 - that is, the only count in

---

[8]    We do not know whether the defendant abuses controlled substances , since he refused to answer any questions put to him by Pretrial Services *vis a vis* his health in terms of substance abuse.

[9]    And on two occasions, civil restraining orders issued against him.

[10]    For the latest conviction for providing false information as to his identity (July 30, 1999), he was sentenced to imprisonment for one year.

which he and his co-defendant are charged with distribution of crack cocaine in a school zone. The record evidence before this court shows unequivocally that the defendant distributed 1.3 grams of crack cocaine to an undercover police officer on July 10, 2003.[11] When arrested on the charges set forth in the indictment, he had a bag which contained some 400 to 500 rounds of ammunition. A consensual search of the apartment in which he was living revealed a high caliber pistol magazine in an unlocked safe, and a .40 caliber round under his bed. A consensual search of his car revealed 66 grams of crack cocaine and marihuana. And a consensual search of his mother's residence revealed a pistol in a locked safe.

IV.   In the circumstances, this court concludes that no condition or combination of conditions, short of pretrial detention, would reasonably assure the presence of the defendant or the safety of the community.

Given the nature of the charges set forth in the indictment, the statutory charges set forth above, pp. 3-7, are clearly applicable to this case. And the defendant has proffered nothing of substance affecting the weight of those statutory presumptions.[12]

To the contrary, the record evidence before this court complements those statutory presumptions. On the matter of risk of flight, the defendant is unemployed,

---

[11]    Much of the transaction was also videotaped.

[12]    "[T]he presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez , 950 F.2d 85, 88 (2d Cir. 1991).

That does not mean, of course, that the presumption is conclusive. The question is whether the defendant has produced some evidence to show that what is true in general is not true in [his] case....î.   Jessup, supra, at 384.

currently resides with his girl friend,[13] has no significant assets or liabilities, has no ties

of any strength in the community, has defaulted on some 32 occasions in the past, and

has twice provided false identification to arresting police officers.  Given that the

defendant, because of his extensive criminal history, appears to be a career offender,

he faces, at the very least, a sentence of imprisonment for some 188 months to 235

months.[14]  In these circumstances, the government has established by a

preponderance of the evidence that no condition or combination of conditions would

reasonably assure his appearance at trial.

So, too, with the matter of danger to the community.  As indicated above, he has

been adjudicated delinquent and convicted on eleven narcoticsí charges in the past,

and he has been adjudicated delinquent or convicted of crimes of violence (*i.e.*, assault

and battery, assault and battery with a dangerous weapon, and threatening) on some

six different occasions.  And it is clear that, in this regard, defendantís past is clearly his

prologue.  And that is because the record evidence shows that the defendant

committed some twenty-four (24) different crimes while on pretrial release in the past.

On this record, it is clear that the defendant would, as he has consistently done in the

past, commit further offenses if released on any conditions, including the conditions

proffered by the defendant.[15]  The government has shown by clear and convincing

---

[13]    Although the defendant lived with his girl friend, that habitation was illegal, since her lease in the Section 8 housing precluded residence by convicted felons.

[14]    That assumes a plea and acceptance of responsibility.  After trial, the Guideline range would be some 262 months to 327 months.

[15]    The defendant proffered that the defendant would live with his parents in Randolph with an electronic bracelet.  In the past, however, his mother obtained a civil restraining order against the defendant for abuse, see note 6, *supra*, and a pistol was found locked in a safe in his parentís house.

evidence that no condition or combination of conditions would reasonably assure the safety of the community.

V.   IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.


_____

UNITED STATES MAGISTRATE JUDGE