```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                      )
UNITED STATES         )
                      )
v.                    )        NO. 04-10117-RWZ
                      )
DARREN FRANKLIN       )
_____)
```

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO SUPPRESS EVIDENCE**

**Statement of the Case**

A Superseding Indictment was returned against defendant on May 27, 2004, charging him with two counts (One and Two) of distribution of cocaine base (one count involving 5 grams or more) in a school zone in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) on May 8, 2003, and July 10, 2003; one count (Three) of distribution of cocaine base on March 12, 2004; one count (Four) of possession of 50 grams or more of cocaine base with intent to distribute on April 15, 2004; and one count (Five) of being a felon in possession of ammunition on April 15, 2004.

Defendant has filed a motion to suppress evidence seized as a result of a search of the trunk of his car and of his apartment after his arrest on April 15, 2004. As set forth more fully below, these searches were conducted in violation of the Fourth Amendment to the United States Constitution, and the evidence seized as a result thereof must be suppressed.

**Argument**

**THE WARRANTLESS SEARCHES OF DEFENDANT'S
CAR AND APARTMENT WERE CONDUCTED IN
VIOLATION OF THE FOURTH AMENDMENT**

It is well established that "seizures of personal property are 'unreasonable within the meaning of the Fourth Amendment,' without more, 'unless . . . accomplished pursuant to a judicial warrant,' issued by a neutral magistrate after finding probable cause."  Illinois v. McArthur, 531 U.S. 326, 330, (2001), quoting from United States v. Place, 462 U.S. 696, 701 (1983).  Any search and seizure by the police of property not specifically authorized by a warrant "is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement."  Flippo v. West Virginia, 528 U.S. 11, 13 (1999).  Because a warrantless search is presumptively unreasonable under the Fourth Amendment, the government has the burden of proving that such a search comes within one of the recognized exceptions.  United States v. Tibolt, 72 F.3d 965, 968-69 (1st Cir. 1995).

In the present case, it is undisputed that the searches of the trunk of defendant's car and of the apartment he shared with his girlfriend on April 15th were conducted without warrants.  The government justifies the searches, however, on the ground that they came within a recognized exception to the warrant requirement because defendant consented to them.  See United States v. Barnett, 989 F.2d 546 (1st Cir. 1993).

2

Since in his affidavit submitted herewith, defendant denies that he consented to the searches of the trunk of his car and his apartment, an evidentiary hearing must be held at which the government will have the burden of proving that defendant knowingly, intelligently and voluntarily consented to the searches.  United States v. Beaudoin, 362 F.3d 60, 74 (1st Cir. 2004).  To the extent that the government relies upon the consent of Ms. Hemingway, with whom defendant lived, as justification for the search of their apartment, See United States v. Matlock, 415 U.S. 164 (1974), the government will have the burden of proving that Ms. Hemingway knowingly and voluntarily consented to the search.  See United States v. Woodrum, 202 F.3d 1, 9 (1st Cir. 2000).

## Conclusion

For the foregoing reasons, the court should conduct an evidentiary hearing on defendant's motion to suppress evidence and, after hearing, enter an order suppressing all evidence seized as a result of the searches of the trunk of defendant's car and his apartment on April 15, 2004.

                                             Respectfully submitted,

/s/ *Jonathan Shapiro*
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: October 14, 2004