```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
UNITED STATES OF AMERICA  )
                          )
                          )
            v.            )            No.04-10117-RWZ
                          )
DARREN FRANKLIN           )
_____)
```

**REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS**

Introduction

The government has filed a memorandum in opposition to defendant Franklin's motion to suppress evidence in which it claims that an evidentiary hearing is unnecessary to determine whether the evidence seized from the defendant's car should be suppressed.[1]  First, the government contends that search of the vehicle was conducted pursuant to valid consent.  Second, the government maintains that even if there was not consent the search was justified pursuant to the automobile exception to the warrant requirement.  Finally, the government asserts that even if there was no consent and even if the automobile exception is inapplicable, the evidence seized from the car is admissible pursuant to the inevitable discovery doctrine.

The government's arguments however, assume the correctness

---

[1] The defendant also has moved to suppress items seized from his apartment.  The government, however, has agreed that it will not seek to introduce at trial any items seized from the defendant's apartment.  Gov. Opp. at 21.

of the factual allegations upon which its arguments are based and do nothing to defeat defendant's right to an evidentiary hearing on this motion to suppress. In presenting its arguments, the government heavily relies upon alleged statements which defendant denies. In the affidavits submitted herewith, the defendant denies that he made a statement consenting to the search of the trunk of his car. He also denies stating to the agents that he had placed a bag containing marijuana in the trunk of his car the night before. The government's reliance upon these alleged statements and the defendant's denial of such statements creates issues of fact as to whether valid consent and sufficient probable cause existed to justify a search of the defendant's vehicle. Based on these issues of fact, the Court should conduct an evidentiary hearing.

### Argument

**I. THE DETERMINATION OF WHETHER VALID CONSENT WAS PROVIDED FOR THE SEARCH OF THE DEFENDANT'S CAR IS AN ISSUE OF FACT REQUIRING AN EVIDENTIARY HEARING.**

It is well established that, in determining whether to grant an evidentiary hearing, "the question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required." United States v. Lewis, 40

F.3d 1325, 1332 (1st Cir. 1994); United States v. Migely, 596 F.2d 511, 513 (1st Cir. 1979) (quoting Cohen v. United States, 378 F.2d 751, 761 (9th Cir. 1967).  In the present case, the government has acknowledged its burden to prove by a preponderance of the evidence that consent was given by the defendant based on the totality of the circumstances.  See Government's Opposition to Defendant's Motion to Suppress Evidence and Request for Oral Argument ("Gov. Opp.") at 11.  The government initially asserts that "[w]hen asked for consent to search his car, Franklin responded affirmatively."  Gov. Opp. at 13.  However, in his affidavit submitted herewith, the defendant specifically denies making any statement which would suffice as valid consent for the search of his vehicle.  These conflicting statements create an obvious issue of fact as to whether or not valid consent was given.  See Hoskins v. McBride, Fed. Appx. 365, 2001 WL 690483 at *2 (7th Cir.)(Where the record did not contain adequate information to resolve the factual dispute, which if decided in appellant's favor could entitle him to relief, an evidentiary hearing is necessary.); see also Daniels v. United States, 54 F.3d 290, 294 (7th Cir. 1995)(Appellant submitted a sworn affidavit containing his version of events; appellee submitted a sworn affidavit suggesting a different version.  The court determined that the record was insufficiently developed and ordered an evidentiary hearing.);Dorsey v. United States, 142

F.3d 439 (Table), 1998 WL 122167 *2 (7th Cir.)(The court determined that although some of appellant's assertions were not specific allegations supported by actual proof, one statement was sufficient to require an evidentiary hearing because if proven, he would have been entitled to relief.)

In addition, the government asserts that if defendant gave a statement which was "subject to misinterpretation," the Court can look to "the totality of the circumstances surrounding his exchange with law enforcement officers [to] clarif[y] any ambiguity and make[] it clear that he consented to the search..." Gov. Opp. at 14.  However, the only "circumstances" to which the government refers are that the defendant was carrying ammunition, carrying keys, and answered questions about the car's registration and insurance policy.  Gov. Opp. at 13-14.  These circumstances surrounding his exchange with the officers clearly do not amount to consent for the search of the vehicle, nor do they suggest that it is likely that defendant otherwise gave his consent.

## II.    THE SEARCH OF THE DEFENDANT'S VEHICLE WAS INVALID UNDER THE AUTOMOBILE EXCEPTION TO THE WARRANT CLAUSE.

Any law enforcement search and seizure of property not specifically authorized by a warrant "is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement." Flippo v. West Virginia, 528 U.S. 11, 13

(1999). In addition, it is the government which carries the burden to prove that the search comes within one of the recognized exceptions. <u>United States v. Tibolt</u> 72 F.3d 965, 968-69 (1st Cir. 1995). Here, the government claims that the search was valid under the "automobile exception." Although the government correctly asserts that "so long as probable cause exists to believe that contraband may be found in a motor vehicle, a warrantless search may be justified...," there is a factual issue as to whether there was probable cause to conduct a search. Gov. Opp. at 18.

In attempting to establish probable cause for the search of the defendant's vehicle, the government once again relies on a statement which defendant denies making. The government asserts that defendant told the police that "the bag he had placed in the trunk of his car contained at least one drug (marijuana)." <u>Id.</u> The only other facts upon which the government relies to establish probable cause to search the car are the government's claim that the defendant went out to his car at some point during the night and that an unidentifiable person looked out of a window from Ms. Hemmingway's apartment while a tow truck stopped in the vicinity of defendants car. Gov. Opp. at 18. The government then contends that "uncontested facts clearly establish that the warrantless search was perfectly permissible under the automobile exception to the Warrant Clause." On the

5

contrary, the facts are contested and the existence of probable cause is hardly "clear."

Once again, an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. See Lewis, 40 F.3d at 1332. In the present case, a hearing is appropriate to determine the existence of probable cause due to the fact that there are contested issues of fact. See United States v. Pena 961 F. 2d 333 (2nd Cir. 1992)("taking all [the] circumstances together, there was an adequate question with respect to the existence of probable cause for the search of the vehicle to warrant a hearing on the issue, and the district court abused its discretion in refusing to conduct such a hearing.")

### III. THE EVIDENCE SEIZED FROM THE DEFENDANT'S VEHICLE IS INADMISSIBLE UNDER THE INEVITABLE DISCOVERY DOCTRINE.

It has been established that "to employ the inevitable discovery exception, the government must establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." United States v. Chanthavong, No. 98-4244, 1999 WL 694506 *7 (4th Cir. Sept. 8, 1999), citing to United States v. Nix, 467 U.S. 431 (1984). In an attempt to do so, the government asserts that the

6

defendant's statements and placing of a bag in the trunk of the car are sufficient to establish that probable cause existed, which would have enabled the officers to obtain a warrant for the search of the vehicle.  Gov. Opp. at 20.  Further, the government asserts that since such a warrant would have eventually been obtained and the contraband would have been seized legally the evidence is admissible by virtue of the inevitable discovery doctrine.  Gov. Opp. at 20-21.  However as previously discussed, since defendant denies saying that he had put marijuana in the trunk of the car, there is a question of fact, as to whether probable cause existed for the search of defendant's vehicle.

## Conclusion

For the foregoing reasons, the Court Should conduct an evidentiary hearing on the defendant's motion to suppress evidence, and after the hearing, enter an order suppressing all evidence seized as a result of the search of the trunk of the defendant's car on April 15, 2004.

Respectfully submitted,

/s/ *Jonathan Shapiro*
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

On the Memorandum:
David W. Fink
Legal Intern

Dated: January 7, 2005