UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                      )
UNITED STATES         )
                      )
v.                    )        NO. 04-10117-RWZ
                      )
DARREN FRANKLIN       )
_____)
```

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO SUPPRESS**

**Introduction**

At the hearing on defendant's motion to suppress evidence on January 20, 2005, the government argued that the search of defendant's car can be justified on the ground that the police officers had probable cause to believe that it contained a firearm. Since this was the first time this issue was raised (the government had previously argued only that there was probable cause to search the car for drugs), the Court granted defendant leave to file this supplemental memorandum to respond to the government's argument.

**Statement of Facts**

On the basis of surveillance on the night of April 14, 2004, the police determined that defendant was staying at the apartment of his girlfriend at 159 Pine Grove Drive in Brockton, Massachusetts. Tr. 23-25. At approximately 1:30 a.m. the next morning, defendant was observed leaving the apartment and placing a bag in the trunk of a car that defendant had previously been

seen driving which was parked in the parking lot of the apartment complex. Tr. 23-24. After placing the bag in the trunk, defendant started the car, turned on the headlights, moved the car forward slightly, and then returned to the apartment. Id.

Later that morning at about 5:00 a.m., defendant was informed by a telephone call from the police that they had surrounded the building and had a warrant for his arrest. Tr. 24-25. In response, defendant exited the building and surrendered to the officers, who took him into custody and handcuffed him. Tr. 24-26. At the time of his arrest, the police seized a cell phone, car keys and a bag containing several hundred rounds of ammunition of various calibers that defendant was carrying. Id. During interrogation by the police some time later, defendant is alleged to have said that the bag he had put in the trunk earlier that morning contained "weed" and to have consented to a search of the car.[1] Tr. 29. A search of the bag in the trunk of the car yielded a quantity of crack cocaine with which defendant is now charged. Tr. 29-30.

---

[1]/ In affidavits submitted in support of his motion, defendant has denied that he consented to the search and has denied that he said that the bag contained "weed."

Subsequent to the search of the car and the discovery of drugs, the police searched the apartment at which defendant had been staying. Tr. 27-28. A high-capacity pistol magazine and one .40 caliber bullet was found in an open safe under the bed in the bedroom.[2] Id.

### Argument

**THE SEARCH OF DEFENDANT'S CAR CANNOT BE
JUSTIFIED ON THE GROUND THAT THERE WAS
PROBABLE CAUSE TO BELIEVE THAT THERE WAS A
FIREARM IN THE CAR**

Probable cause is judged by an analysis of the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 230 (1983), which are weighed "not in terms of library analysis by scholars, but as understood by those versed in field of law enforcement." Id. At 232. Under this pragmatic, common sense approach, courts generally defer to the expertise and experience of law enforcement officers at the scene. See Ornelas v. United States, 517 U.S. 690, 699(1996). Probable cause is a "fluid concept" that turns on "the assessment of probabilities," not on any formula such as is applied to proof at trial. Gates, 462 U.S. at 232.

---

[2] It is clear that the search of defendant's car preceded the search of the apartment and the discovery of the pistol magazine and a bullet. See Grand Jury Testimony of Fania Hemingway at 20; DEA 6, ¶8.

In the present case, it cannot be concluded on the basis of such a realistic assessment that, at the time of defendant's arrest, there was probable cause to believe that there was a firearm in his car. Indeed, the officers on the scene, to whose experience and expertise courts defer, apparently did not believe that it was likely that the bag which they had seen defendant place in the car contained a gun; they were searching for drugs in the car.[3] Although defendant's possession of a bag full of ammunition certainly suggests that he may have used or possessed a weapon at some time, that alone is an insufficient basis to conclude that he had placed a gun in the car earlier that morning.

In an almost identical situation, the court in United States v. Holly, 219 F.Supp.2d 117 (D. D.C. 2002), held that there was no probable cause for a warrantless search of a motor vehicle. In Holly, police officers had obtained information from a confidential source that two individuals were storing drugs and a firearm inside an apartment. After obtaining a search warrant, the police went to the location and observed the two suspects as they left the apartment and were about to get into a motor

---

[3]/ Thus, in their memorandum in opposition to defendant's motion to suppress, the government argued that defendant's statement that there was "weed" in the bag he had put in the trunk was the basis for probable cause to search the car. Gov't Mem. at 18. Nothing was said to suggest that they believed that they might also find a gun.

4

vehicle.  One of the suspects was seen throwing a pouch into the back seat of the car.  The suspects were then detained, and when the officers entered the apartment to execute the search warrant they discovered some .38 caliber ammunition in plain view.  On the basis of the discovery of the ammunition, the suspects were arrested and the car was searched.  Drugs and a loaded handgun were found in the pouch which one of the suspects had thrown into the car.

In Holly, as here, the government argued that the warrantless search of the vehicle fell within the automobile exception to the warrant requirement because the officers had probable cause to believe that the vehicle contained contraband or evidence of a crime.  In rejecting this argument, the court stated:

> There was . . . no information that the Honda was used to keep or transport drugs or a firearm.  Therefore, finding the ammunition did not give the officers probable cause to search defendant's car and the pouch on the theory that drugs or a gun would probably be found in one of the other.  It is thus the Court's conclusion that the officer's discovery of the ammunition did not give them immediate probable cause to search the vehicle.

219 F.Supp.2d at 126.  The court also noted that at the time of this search "the officers had not thoroughly searched the residence and did not know conclusively that the guns and drugs were not somewhere within the apartment . . ." Holly, 219 F.Supp.2d at 125.

In the present case, as in <u>Holly</u>, the facts that defendant was in the possession of ammunition and that he had placed a bag in his car are insufficient to sustain the conclusion that there was probable cause to believe that there was a gun in the bag. It was no more likely that there was a gun in the car than that there was a gun in the apartment or in any other place where defendant had been recently.[4]  Indeed, there was less of a basis here than in <u>Holly</u>, where the informant had specifically indicated that the suspects were in possession of a gun.  Under the circumstances, therefore, a determination by the officers that there was probable cause to believe that there was a firearm in defendant's car was purely speculative.

---

[4] In fact, later that day, after a consensual search, police discovered a .45 caliber Glock semi-automatic pistol at the home of defendant's parents in Randolph.

## Conclusion

The present record is inadequate to permit the conclusion that, as a matter of law, there was probable cause to search defendant's car for drugs or firearms or that defendant had consented to a search of his car. For this reason, defendant is entitled to an evidentiary hearing on his motion to suppress.

>Respectfully submitted,
>
>/s/ *Jonathan Shapiro*
>Jonathan Shapiro
>BBO No. 454220
>Stern, Shapiro, Weissberg
> & Garin, LLP
>90 Canal Street, Suite 500
>Boston, MA 02114-2022
>(617) 742-5800

On the Memorandum:
David W. Fink, Law Clerk


Date: February 4, 2005