UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                        )
UNITED STATES           )
                        )
v.                      )        NO. 04-10117-RWZ
                        )
DARREN FRANKLIN         )
_____)

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant Darren Franklin, by his attorney, hereby moves this Court pursuant to 18 U.S.C. §3162 of the Speedy Trial Act ("STA") to dismiss the second superseding indictment on the ground that defendant has not been brought to trial within the time limit required by §3161(c), as extended by §3161(h).  As grounds therefor, defendant states:

1.  An indictment charging defendant with three counts of possession of cocaine base with intent to distribute (on May 8, 2003, July 10, 2003, and March 12, 2004) was filed on April 14, 2004, (Docket No. 1), and defendant made his initial appearance before the Magistrate Judge on April 15, 2004.  Defendant was arraigned on April 20, 2004, a detention hearing was held on April 23, 2004, and defendant was ordered detained on May 4, 2004. (Docket No. 11)  The Magistrate Judge ordered the time from April 20, 2004, to May 18, 2004, excluded pursuant to 18 U.S.C. §3161(h)(8) of the STA.

2.  A superseding indictment charging defendant with the

additional offenses of possession of more than 50 grams of
cocaine base with intent to distribute on April 15, 2004, and
with being a felon in possession of ammunition on the same date
was filed on May 27, 2004, (Docket No. 12), and defendant was
arraigned on June 10, 2004.  The Magistrate Judge subsequently
entered orders of excludable delay, excluding the periods from
June 10, 2004, to August 5, 2004 (Docket No. 14), from August 5,
2004, to September 14, 2004 (Docket No. 17), and from September
14, 2004, to October 19, 2004 (Docket No. 18) from the running of
the speedy trial clock pursuant to 18 U.S.C. §3161(h)(8).

        3.   On October 14, 2004, defendant filed a motion to
suppress evidence, together with an affidavit of the defendant
and a memorandum of law. (Docket Nos. 21, 22) Defendant argued
that the warrantless search of the trunk of his car on April 15,
2004, was conducted in violation of the Fourth Amendment, and
requested an evidentiary hearing.

        4.   On October 28, 2004, a second superseding indictment was
filed against defendant. (Docket No. 24)  This indictment
contained the same counts as the superseding indictment, but
added a notice of additional factors setting forth the amount of
cocaine base which defendant was alleged to be responsible for
with respect to each drug count, and alleging prior convictions
of defendant that would increase the sentences to which he was
subject for the drug counts and the felon in possession count.

Defendant was arraigned on the second superseding indictment on November 15, 2004.

5.  The government filed its opposition to defendant's motion to suppress on November 12, 2005 (Docket No. 28), arguing that the search of the car was justified by defendant's consent, by the automobile exception to the warrant requirement, and by the doctrine of inevitable discovery, and that an evidentiary hearing was not necessary.  On December 20, 2004, the Court scheduled a non-evidentiary hearing on the motion to suppress for January 20, 2005.  On January 7, 2005, defendant filed a reply to the government's opposition and a supplemental affidavit of the defendant.[1]

6.  The Court held a hearing on defendant's motion to suppress on January 20, 2005.  Although the docket does not contain an entry reflecting this hearing, Catherine Handel, the court reporter, has confirmed to the undersigned that this hearing did take place.  At the conclusion of the hearing, defendant requested leave to file a supplemental memorandum to respond to an argument raised by the government for the first time at the hearing.  The Court granted defendant leave to file on or before February 3, 2005, and defendant filed his

---

[1]/ Defendant's motion for leave to file these documents (Docket No. 30) was granted on September 9, 2005.

supplemental memorandum on February 4, 2005.[2] (Docket No. 36)

7.  On September 9, 2005, the Court issued an order granting "defendant's motion for an evidentiary hearing as to the search of his automobile" and scheduled a hearing for November 3, 2005. (Docket No. 38)

8.  On October 24, 2005, defendant moved to continue the hearing on the motion to suppress from November 3, 2005, because the undersigned was engaged in a trial that was not expected to conclude before that date. (Docket No. 39) The Court granted the motion on October 25, 2005, and rescheduled the hearing for November 21, 2005.

9.  The evidentiary hearing on the motion to suppress commenced on November 21, 2005, the hearing was continued for a second day on December 9, 2005, and the hearing was concluded with the Court taking the matter under advisement after argument on December 14, 2005.  At that time, the Court scheduled the trial for March 20, 2006.

10.  The "baseline premise" of the STA is that a defendant is entitled, pursuant to 18 U.S.C. §3161(c)(1), to be tried within 70 days of his indictment or initial appearance before a judicial officer (whichever occurs last). United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996).  The STA contemplates,

---

[2]/ Defendant's motion to file late (Docket No. 35) was granted on September 9, 2005.

however, that certain periods of time will be excluded from this computation. Id. The analysis of the running of the speedy trial clock, therefore, is a two-step process, where the court first determines the aggregate time elapsed awaiting trial, and second determines how many days should be excluded from the ultimate sum. Id.

11. In the present case, defendant first appeared before the Magistrate Judge on April 15, 2004, on the original indictment. Although the speedy trial clock began to run on that date, the clock was restarted on June 10, 2004, when defendant was arraigned on the superseding indictment, which made a substantial change in the nature of the case by adding two additional charges. United States v. Barnes, 251 F.3d 251, 258 (1st Cir. 2001). Thus, 648 days will have elapsed from the time the speedy trial clock began running until defendant's trial is scheduled to begin.[3]

12. As a result of three orders of excludable delay entered by the Magistrate Judge pursuant to 18 U.S.C. §3161(h)(8), 131 days are excluded from the running of the speedy trial clock from June 10, 2004, to October 19, 2004. The filing by defendant of a motion to suppress evidence on October 14, 2004, stopped the

---

[3]/ The arraignment of defendant on the second superseding indictment on November 15, 2004, did not restart the speedy trial clock because this indictment did not make any substantive changes to the charging document. See United States v. Rojas-Contreras, 474 U.S. 231, 237 (1985).

running of the speedy trial clock pursuant to 18 U.S.C.
§3161(h)(1)(F), which excludes "delay resulting from any pretrial
motion, from the filing of the motion through the conclusion of
the hearing on, or other prompt disposition of, such motion."
This section "excludes the time between the filing of the motion
and the hearing on that motion, even if the delay is overlong,
inexplicable, or unreasonable." United States v. Staula, 80 F.3d
at 601, citing Henderson v. United States, 476 U.S. 321, 329-30
(1986).

13.  The First Circuit has defined a "hearing" for the
purposes of the STA as "any on-the-record colloquy in which the
district court hears the arguments of counsel and considers those
arguments prior to deciding a pending motion."  Such a hearing
took place in the present case on January 20, 2005.  In language
equally appropriate to what took place on that date, the court
described such a hearing:

> [T]he trial court heard arguments put forward
> by appellant's counsel in open court, on the
> record; questioned him; and gave him the
> opportunity to highlight salient facts.  The
> court then gave the prosecutor a similar
> opportunity.  In our view, this give-and-take
> among counsel and the court, notwithstanding
> its relative brevity, is the essence of what
> a hearing entails.  And, moreover, there was
> good reason for the exchange: the appellant
> had requested that the court take evidence,
> and the court was not in an optimal position
> to rule upon appellant's suppression motion
> until it questioned counsel and determined
> the need for and the potential efficacy of,
> an evidentiary hearing.

Staula, 80 F.3d at 601-02.  Accordingly, 93 additional days are excluded from the running of the speedy trial clock from October 19, 2004, to January 20, 2005.

14.  Once a hearing is held on a pretrial motion, §3161(h)(1)(J) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." (Emphasis added)  This subsection also "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." Henderson v. United States, 476 U.S. at 331.  Since the Court granted defendant's request to file a supplemental memorandum after the hearing, the 15 days between January 20, 2005, and the filing of this memorandum on February 4, 2005, and the 30 days for the Court to take the matter under advisement is excluded.

15.  As of March 6, 2005, therefore, all of the time since defendant's arraignment on the superseding indictment on June 10, 2004, is properly excludable from the running of the speedy trial clock.

16.  The 187 days between March 6, 2005, by which time the Court was required to decide the pending pretrial motion pursuant to §3161(h)(1)(J), and September 9, 2005, when the Court issued an order in which it ruled on the motion is not excludable under

7

any provision of the STA. The fact that, in its September 9,
2005, order the Court determined that an evidentiary hearing was
required on the motion to suppress can have no retroactive effect
on the provision of §3161(h)(1)(J) that required the Court to
rule on the motion to suppress within 30 days of having taken it
under advisement on February 4, 2005. Thus, in <u>United States v.
Janik</u>, 723 F.2d. 537, 543 (7th Cir. 1983), the trial court had
taken a pretrial motion under advisement (after post-hearing
motions), kept it under advisement for more than three months,
and then said it needed additional filings. The court rejected
the government's argument that the entire period was excludable,
ruling that "the requirement of prompt disposition in section
3161(h)(1)(F) may not be circumvented by . . . ordering the
hearing reopened more than 30 days after the matter has been
taken under advisement." <u>Id</u>. at 544. Relying on <u>Janik</u>, the First
Circuit similarly held that the STA had been violated when the
trial court had failed to rule on a pretrial motion within 30
days of having taken it under advisement, despite the fact that
when the court had taken the motion under advisement it had
indicated that it "might need additional submissions." The Court
concluded:

> The STA makes no provision for what the
> district court did here: not decide the
> motion for 124 days and then retroactively
> seek to explain the lack of prompt
> disposition by saying it needed additional
> filings, although it had taken the matter

8

> under advisement earlier.  Nor does the
> STA make any provision for a district
> court effectively to take a matter under
> advisement for decision, but then to avoid
> the STA timeline by saying that matter was
> not under advisement within the meaning of
> the Act.  We do not think the STA permits
> either course of action.  Such an approach
> would undermine the purposes of the Act.

United States v. Scott, 270 F.3d 30, 56 (1st Cir. 2001); see also

Henderson v. United States, 476 U.S. at 332 (the speedy trial

clock began to run 30 days after the filing of post-hearing

memoranda by the parties, despite the defendant's request for an

evidentiary hearing).  As of September 9, 2005, therefore, 187

days of non-excludable time had elapsed without defendant being

brought to trial.

17.  The Court held an evidentiary hearing pursuant to its

September 9th order on November 21st, December 9th, and December

14th, and again took defendant's motion to suppress under

advisement on December 14, 2005.  It was required by

§3161(h)(1)(J) to rule on the motion by no later than January 13,

2006.

18.  Even assuming that the period from September 9, 2005,

when the Court decided that an evidentiary hearing was required,

to January 13, 2006, was excludable from the running of the

speedy trial clock, an additional period of 66 days from January

13th to March 20, 2006, the date scheduled for trial, is not

excludable.  Therefore, since a total of 253 days of non-

excludable time will have elapsed before defendant's trial begins, in clear violation of §3161(c), the second superseding indictment must be dismissed pursuant to §3162(a)(2).

WHEREFORE, defendant prays that this Court dismiss the second superseding indictment pursuant to 18 U.S.C. §3162(a)(2).

DARREN FRANKLIN
By his attorney,

/s/ Jonathan Shapiro
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: March 9, 2006

G:\SSWG\FRANKLIN, D\STA motion.wpd