UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) <br> UNITED STATES ) <br> ) <br> v. ) <br> ) <br> DARREN FRANKLIN ) <br> _____ ) | NO. 04-10117-RWZ |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION FOR EXCLUDABLE DELAY**

Defendant Darren Franklin, by his attorney, hereby opposes the government's motion to exclude the period between January 13, 2006, and March 9, 2006, from calculation for the purpose of the Speedy Trial Act ("STA"). As grounds therefor, defendant states:

1. This Court took defendant's motion to suppress under advisement at the conclusion of an evidentiary hearing on December 14, 2005. The parties agree that the 30 day period between that date and January 13, 2006 is excludable pursuant to §3161(h)(1)(J). The government now asks the Court to exclude the period of 55 days between January 13th and March 9th, when defendant filed his motion to dismiss, on the ground that "such exclusion would serve the ends of justice and is not outweighed by the best interests of the public and defendant in a speedy trial" pursuant to §3161(h)(8)(A).

2. This period is not excludable. A period of delay is only excludable in the "ends of justice" under §3161(h)(8)(A) if the delay resulted from:

> a continuance granted by any judge on his own
> motion or at the request of the defendant or his
> counsel or at the request of the attorney for the
> Government, if the judge granted such continuance
> on the basis of his findings that the ends of justice
> served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

3. Since no continuance was granted with respect to the period the government seeks to exclude, there is no authority under the STA to exclude the time. The First Circuit has explained:

> Unlike the pretrial motion exclusion in (h)(1)(F), the advisement exclusion in (h)(1)(J) is expressly limited to thirty days and cannot be extended without resort to another source of excludable time such as an "ends of justice" continuance under (h)(8).

A number of courts, moreover, have held that (h)(8) continuances may not be given retroactive effect – that the order granting the continuance must be made at the outset of the excludable period. United States v. Janik, 723 F.2d 537, 545 (7th Cir. 1983); United States v. Brooks, 687 F.2d 517, 522 (3d Cir. 1982), cert. denied sub nom, Reed v. United States, 460 U.S. 1071 (1983). Although the judge may enter his or her findings that the "ends of justice" require a continuance after granting the continuance, "he must consider the matter before the period sought to be excluded begins to run; thus a continuance cannot be a nunc pro tunc retroactive justification for previously unauthorized delay. The rationale for this is clear:

> If the judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.

United States v. Janik, 723 F.2d at 544-45.

4. Although the First Circuit has not addressed the question of whether a judge can grant

a retroactive continuance under these circumstances, see United States v. Rush, 738 F.2d 497, 507 (1st Cir. 1984), it has made it clear that it would undermine the purpose of the STA to permit a court to retroactively validate a delay that was not specifically authorized by the STA. See United States v. Scott, 270 F.3d 30, 56 (1st Cir. 2001).

5.  The government is seeking the retroactive validation of the delay between January 13th and March 9th on the basis of the following laundry list of factors: "the unusual nature of proceedings in this case, the superseding indictments and informations, the consequences of conviction, the multiple hearings on the factual and legal issues related to that motion, the various bases of warrantless search authority at issue, and the impact of such a ruling on the legal strategies of the parties."  Not surprisingly, the government fails to explain how or why any of these considerations would justify an extension of the requirement of §3161(h)(1)(J) that a court decide a motion taken under advisement within 30 days.  Not only are they irrelevant to the period of delay, but none of these factors are even among those that a judge is authorized to consider pursuant to §3161(h)(8)(B) in ruling on an "ends of justice" continuance.

WHEREFORE, defendant prays that this Court deny the government's motion of excludable delay.

Respectfully submitted,

/s/ *Jonathan Shapiro*
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
   & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: March 15, 2006