UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10117-RWZ |
| | ) | |
| DARREN FRANKLIN | ) | |

ASSENTED-TO MOTION TO CONTINUE TRIAL
AND FOR ORDER OF EXCLUDABLE DELAY

The government moves to continue the trial in this case, currently scheduled for March 20, 2006 (and tentatively rescheduled to March 27, 2006) to May or June 2006 (the date the government understands to be the next available for the Court to hear a two week trial) for the following reasons.

1. This case was originally scheduled for trial on March 20, 2006.

2. A law enforcement witness informed the government that his father, who lives in Florida, was seriously ill due to a heart related condition and was not expected to survive for long. As a result of his father's condition, the officer planned to take two weeks off of work to visit with his father, during which time extended family from Italy would also arrive in Florida to visit. It was expected that the officer would host the extended family, who do not know English or know their way around Florida. Given the March 20, 2006 trial date, the officer postponed the family plan to visit with his father until March 27, 2006. The government also planned to call the officer to testify as one of the first witnesses to ensure that his testimony was not delayed to March 27, 2006 or later.

3. On March 16, 2006, this Court notified the parties that the March 20, 2006 trial would be postponed to March 27, 2006. At this point, the officer's plans to travel to Florida and his extended family's plans to travel from Italy to Florida have been

set, and the officer believes that it would be unwise to further postpone the trip to Florida, given the seriousness of his father's condition.

4. The officer's testimony is essential to establish that the defendant placed over 50 grams of crack cocaine in the trunk of his car the night before his arrest. He was the only witness with a first hand account of the event; all other agents only heard what the officer relayed to them about his observations. If the government were forced to proceed without the officer, it would be seriously hampered in being able to establish the most serious charge in the case.

5. The government is well aware of the pending speedy trial issue in the case and therefore seeks an order of excludable delay from the original trial date to the continued trial date in May or June 2006.

6. Given the inability of an essential government witness to be available for trial due to his need to visit with a dying parent, particularly under circumstances where he delayed the visit due to the original trial date which was later continued, the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). See also 18 U.S.C. § 3161(h)(3)(A) ("[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" shall be excluded); Barker v. Wingo, 407 U.S. 514, 531 (1972) ("[A] valid reason, such as a missing witness, should serve to justify appropriate delay"); United States v. Allen, 235 F.3d 482, 491 (10th Cir. 2000) (court appropriately excluded delay caused by essential witness made unavailable due to health reasons).

7. Defendant has assented to this motion, which seeks a continuance of the March 20, 2006 trial date to a date in May or June 2006 convenient to the Court calendar and

an order of excludable delay during that time period without prejudice to the defendant's pending speedy trial motion. A proposed order is attached.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    /s/ Sabita Singh
        SABITA SINGH
        ALOKE CHAKRAVARTY
        Assistant U.S. Attorneys
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

## LOCAL RULES 112.1 AND 7.1 COMPLIANCE

    I hereby certify that I conferred with defense counsel in this case on March 16, 2006, and that we attempted in good faith to resolve or narrow the issues.

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 16, 2006.

        /s/ Sabita Singh
        SABITA SINGH

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10117-RWZ |
| ) | |
| DARREN FRANKLIN ) | |

ORDER ON MOTION TO CONTINUE AND EXCLUDABLE DELAY

On motion of the government, the trial of this matter, scheduled for March 20, 2006 and continued to March 27, 2006, will be further continued to a date in May or June 2006. The continuance is necessitated by the unavailability of an essential witness and therefore the delay between the originally scheduled March 20, 2006 trial date and the continued trial date in May or June 2006 is excluded for speedy trial purposes under 18 U.S.C. § 3161(h)(3)(A). I further find that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A). This continuance is granted without prejudice to the defendant's pending motion to dismiss the indictment for violation of the Speedy Trial Act.

_____
RYA W. ZOBEL
United States District Judge