UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10117-RWZ

UNITED STATES OF AMERICA

v.

DARREN FRANKLIN

MEMORANDUM OF DECISION

March 17, 2006

ZOBEL, D.J.

Defendant has moved to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3162 ("the Act"). The parties agree that all the time before October 14, 2004, the date on which defendant filed a motion to suppress, is excluded. In support of that motion, defendant filed papers on January 7, 2005, seeking an evidentiary hearing. A non-evidentiary hearing was conducted on January 20, 2005, which focused upon the need for an evidentiary hearing on the motion to suppress. Defendant thereafter filed supplemental papers on the need for an evidentiary hearing, and on September 9, 2005, I granted defendant's request for an evidentiary hearing. The hearing was concluded on December 14, 2005, after several continuances granted at the request of both defense and government counsel. At that time, the parties agreed to a March 20, 2006 trial date.

Although defendant originally argued that the motion to suppress was taken under advisement in January 2005, he now apparently concedes that it was not taken under advisement until the end of the evidentiary hearing, on December 14, 2005.

(See Def.'s Opp. to Gov't Mot. for Excludable Delay ¶ 1). Thus, all of the time between October 14, 2004, and January 13, 2006, is excludable under 18 U.S.C. § 3161(h)(1)(F), which provides that the Speedy Trial Clock begins to run 30 days after the "conclusion of the hearing on" a pretrial motion. If the Speedy Trial Clock began to run on January 13, 2006, defendant's motion, filed on March 9, 2006, is premature and is therefore denied.

The government has moved for the exclusion of time from January 13, 2006, until March 9, 2006, under 18 U.S.C. § 3161(h)(8)(A) and (B)(ii, iv). Defendant opposes by arguing that an exclusion would essentially amount to an impermissible retroactive continuance. The government's motion is allowed, except that I find the excludable time to include all days between January 13, 2006, and March 20, 2006. At the December 14, 2005 hearing, all parties agreed to commence trial on March 20, 2006; in other words, defendant explicitly agreed to a continuance of trial until March 20, 2006, without at any time making a Speedy Trial objection.

Accordingly, defendant's motion to dismiss the indictment (#44 on the docket) is denied. The government's motion for excludable delay (#47) is allowed, except that the excludable time shall include the period from January 13, 2006, until March 20, 2006. It is further ordered that the period from March 21, 2006 until June 19, 2006, the new trial date established upon the government's motion assented to by defendant, shall be excluded.

March 17, 2006
_____
DATE

/s/ Rya W. Zobel
_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE