UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
v.                             )          Cr. No. 04-10117-RWZ
                               )
DARREN FRANKLIN                )
_____)
```

### MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS INDICTMENT AND GOVERNMENT'S <u>MOTION FOR EXCLUDABLE DELAY</u>

Defendant Darren Franklin, by his attorney, hereby moves this Court to reconsider the denial of his motion to dismiss the second superseding indictment and its allowance of the government's motion for excludable delay for the following reasons:

1. On March 9, 2006, defendant filed a motion to dismiss the second superseding indictment on the ground that at least 253 days of non-excludable time had elapsed since he was arraigned on the superseding indictment on June 10, 2004. He argued that 187 days of non-excludable time had elapsed between the time the Court was required to decide defendant's motion to suppress after a hearing on that motion on January 20, 2005, and the Court's ruling on that motion on September 9, 2005. He also argued that an additional 66 days of non-excludable time had elapsed between the time the Court was required to decide defendant's motion to

suppress after a <u>second</u> hearing on that motion and the scheduled trial date of March 20, 2006.[1]

2.  In its Memorandum of Decision on defendant's motion to dismiss, dated March 17, 2006, the Court denied the motion to dismiss on the grounds: (1) that defendant "conceded" that his motion to suppress was only taken under advisement on December 14, 2005, rather than January 20, 2005; and (2) that on December 14, 2005, defendant "explicitly agreed to a continuance of trial until March 20, 2006, without at any time making a Speedy Trial objection."  There is absolutely no support for either of these conclusions.  In fact, it is clear from the record that defendant did not "concede" that the 30 day period prescribed by §3161(h)(1)(J) did not begin to run before December 14, 2005, and that he did not agree to a continuance of the trial.

3.  On October 14, 2004, defendant filed a motion to suppress the evidence seized from the trunk of his car and from his apartment on April 15, 2004.[2]  In the accompanying memorandum in support of the motion, defendant clearly requested that the

---

[1]/ Since the filing of defendant's motion to dismiss on March 9, 2006, stopped the running of the speedy trial clock prior to the scheduled trial date, only 54 days of non-excludable time elapsed from the time the Court was required to have ruled on the motion to suppress.

[2]/ In light of the government's position that it did not intend to introduce evidence seized from the defendant's apartment, the motion was limited to the seizure from defendant's motor vehicle.  Tr. 01/20/05 p. 7.

Court conduct an evidentiary hearing.  Defendant's Memorandum of Law in Support of Motion to Suppress Evidence, p. 3.  In its opposition to the motion to suppress filed on November 12, 2005, the government argued that no evidentiary hearing was necessary, and that the Court should deny the motion in its entirety.  Gov't Opposition, p. 1.  In his Reply to the government's opposition, filed on January 7, 2006, defendant responded to the government's argument that no evidentiary hearing was necessary.  Def's Reply, pp. 2, 7.[3]

    4.  A hearing was held on defendant's motion to suppress on January 20, 2005.  The government first argued that the Court should decide the motion without an evidentiary hearing because defendant had not put certain facts in issue in an affidavit in a timely fashion.  Tr. 01/20/05 pp. 11-16.  When the Court rejected that argument (id. P. 19), the government relied on an argument, raised for the first time, that the court should decide the motion without an evidentiary hearing on the ground that the agents had probable cause to search the trunk of defendant's car for a weapon in light of the fact that defendant had been carrying a bag with hundreds of rounds of ammunition when he was arrested.  Id. p. 18.  In response to that argument, the Court concluded:

---

    [3]/ In its Memorandum of Decision denying defendant's motion to dismiss (p. 1), the Court incorrectly suggests that defendant first sought an evidentiary hearing on January 7, 2006.

> [W]hat I think I should do is to review the papers
> I have, the affidavits and the submissions,
> and determine whether or not on the basis of
> this argument now, on the basis of the
> undisputed facts that would support this
> argument, there is probable cause to believe
> there might be a gun in the car and,
> therefore, a search warrant was properly
> obtained and, therefore, . . . the drugs are
> not suppressible. . . . I think I should
> decide that question.  If I determine that it
> is not suppressible on that basis, then I
> think that's the end of it, isn't it?
>
>     *    *    *    *    *    *    *    *
>
> If it's admissible, that's the end of it.  If
> I find it's not admissible, then I think we
> would need to go forward with an evidentiary
> hearing.

Id. pp. 20-21.  The Court allowed defendant two weeks to file a supplemental memorandum addressing the probable cause issue raised by the government for the first time at the hearing, and allowed the government a week to file a reply if it wished.  Id. p. 22-23.

    5.  As defendant argued in his motion to dismiss, the colloquy between the Court and counsel on January 20, 2005, with respect to defendant's motion to suppress was a "hearing" within the meaning of §3161(h)(1)(F).  See United States v. Staula, 80 F.3d 596, 601-02 (1st Cir. 1996).  Once such a hearing has been held on a pretrial motion, §3161(h)(1)(J) excludes "delay reasonably attributable to any period, <u>not to exceed thirty days</u>, during which any proceeding concerning the defendant is actually under advisement." (Emphasis added) Since this subsection also

"excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for a proper disposition of the motion," Henderson v. United States, 476 U.S. 321, 331 (1986), the three weeks allowed by the Court for the parties to submit supplemental memoranda is also excluded.

6. Defendant maintained that the period between 30 days after the time that supplemental memoranda were due and the ruling by the Court on September 9, 2005, was not excludable under the STA.[4] He specifically argued that the fact that, in its September 9th order, the Court had determined that an additional evidentiary hearing was necessary could have no retroactive effect on the provision of §3161(h)(1)(J) that required the Court to issue its ruling within 30 days of having taken the motion to suppress under advisement on February 11, 2005. United States v. Janik, 723 F.2d 537 (7th Cir. 1983) is virtually on point. In this case, the trial court had taken the defendant's motion to suppress under advisement. Sixty-eight days after the expiration of the 30 days within which the court

---

[4]/ In his motion to dismiss, defendant calculated this period as 187 days. However, he failed to take into account the week that the government had been allowed to file a reply to defendant's supplemental memorandum. Even though the government did not file a reply, this period is nevertheless excludable. Accordingly, the non-excludable time between the January 20, 2005, hearing on the motion to suppress and the Court's September 9, 2005, ruling is 180 rather than 187 days.

was required to issue a ruling, the court ordered the suppression hearing reopened, as in the present case, for the purpose of an evidentiary hearing. Id. at 543. The Seventh Circuit held, in language equally applicable here, that "from the time the district judge took [defendant's] motion under advisement after the filing of the last post-hearing briefs . . . she had 30 days to decide it unless she granted a continuance under section 3161(h)(8)(A), which she did not do." Id. at 544. The court went on to say that this requirement may not "be circumvented by ordering the hearing reopened more than 30 days after the matter has been taken under advisement." Id. The court explained that, as in the present case, "[a]lthough the suppression issue is . . . somewhat complicated, the underlying facts were simple and the need for a further hearing should have emerged before the 30 days were up."[5] Id. at 545.

7. In United States v. Scott, 270 F.3d 30 (1st Cir. 2001), the First Circuit, citing Janik with approval, ruled that the failure of the district court to have ruled on defendant's motion to suppress for 124 days after it took the motion under advisement violated the STA. In Scott, when the district judge took the motion under advisement after the parties had agreed to

---

[5]/ Indeed, in the present case the evidentiary hearing turned out to have been unnecessary because the court concluded, on the basis of undisputed facts, that "the agents had sufficient probable cause to search the car and the contents of the bag in the trunk." Memorandum of Decision, dated March 15, 2006, p. 7.

submit the motion on the papers, he had indicated that he might schedule a hearing if it thought it appropriate. Moreover, when the court issued its ruling 124 days later denying virtually all of defendant's claims, it did request that the parties prepare a list of disputed items and to brief the admissibility of each one. Id. at 54. In denying defendant's motion to dismiss for a speedy trial violation, the district court justified the delay on the ground that "by stating that it might need additional submissions from the parties it made itself clear that the matter was not formally under advisement, despite its use of those very words . . ." Id. The court "was explicit that its only reason for denying the STA motion was that it requested further filings." Id. at 55. In rejecting this argument, the First Circuit stated:

> The STA makes no provision for what the district court did here: not decide the motion for 124 days and then retroactively seek to explain the lack of prompt disposition by saying it needed additional filings, although it had taken the matter under advisement earlier. Nor does the STA make any provision for a district court effectively to take a matter under advisement for decision, but then to avoid the STA timeline by saying that matter was not under advisement within the meaning of the Act. We do not think the STA permits either course of action. Such an approach would undermine the purposes of the Act.

Id. at 56.

    8. Scott is controlling here. In the present case, as in

Scott, the district court clearly took the matter under advisement on January 20, 2005, even though it indicated that it might schedule a further hearing. Similarly, the 180 day delay in the present case cannot be justified under the STA on the ground that a further evidentiary hearing was necessary any more than the delay in Scott could be justified on the ground that the court there had requested additional filings.

9. In its Memorandum of Decision denying defendant's motion to dismiss, the Court completely ignored defendant's argument that §3161(h)(1)(J) required it to decide his motion to suppress within 30 days of the January 20, 2005, hearing, in the absence of a continuance under §3161(h)(8)(A). Instead, the Court merely states that defendant "apparently concedes that [the motion to suppress] was not taken under advisement until the end of the evidentiary hearing, on December 14, 2005." Memorandum at 1. Nothing could be further from the truth. In his motion to dismiss, defendant argued that, at a minimum, the period between the filing of a post-hearing memorandum after the January 20, 2005, hearing until the Court's ruling on September 9, 2005, was not excludable under the STA. Motion to Dismiss, ¶¶13-16. He also argued that when the Court took the motion under advisement for a second time on December 14, 2005, after a three day evidentiary hearing, it was required by §3161(h)(1)(J) to rule on the motion within 30 days. Even though it could have been argued

that all of the time after September 9, 2005, was not excludable under either §3161(h)(1)(F) or §3161(h)(1)(J) because the Court did not grant a continuance under §3161(h)(8)(A), see United States v. Janik, 723 F.2d at 544, it was unnecessary to do so since the non-excludable time already far exceeded 70 days.  For that reason, defendant argued that even if the evidentiary hearing was considered a second hearing under §3161(h)(1)(J), the Court was required to rule within 30 days of having taken the matter under advisement on December 14, 2005.  In opposing the Government's Motion for Excludable Delay in which it sought to exclude in "the ends of justice" the period between January 13, 2006, 30 days after the Court concluded the hearing, and March 9, 2006, when defendant filed his motion to dismiss, defendant did not abandon the argument that he had made in his motion to dismiss.  Rather, he merely addressed the government's argument with respect to the period of time after the conclusion of the evidentiary hearing.

    10.  The Court allowed the government's motion to exclude the time from January 13, 2006, until March 9, 2006, on the grounds that on December 14, 2005, "defendant explicitly agreed to a continuance of trial until March 20, 2006, without at any time making a Speedy Trial objection." Memorandum of Decision, p. 2.  This was error.  First of all, at the conclusion of the hearing on December 14, 2005, the Court simply scheduled the

trial to commence on March 20, 2006; it did not ask the parties for their agreement nor did defendant "explicitly agree" to a continuance of trial.  Secondly, the failure to object to a trial setting cannot constitute a waiver of a defendant's rights under the STA.  See United States v. Pringle, 751 F.2d 419, 433 (1st Cir. 1984)  Finally, delay resulting from a continuance granted by a judge on his own motion or at the request of the parties is excludable under §3161(h)(8)(A) only "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Even if the trial setting were deemed to be a continuance within the meaning of §3161(h)(8)(A), the Court made no findings that the ends of justice would be served at the time of the continuance.  Nor did it make such findings when it denied defendant's motion to dismiss on March 17, 2006, or at any other time.  Therefore, even if the Court had granted a continuance of the trial on December 14, 2005, without the objection of defendant, the time would still not be excludable by virtue of the Court's failure to comply with the provisions of the STA.

    WHEREFORE, defendant prays that the Court reconsider its denial of his motion to dismiss and the government's motion for excludable delay and dismiss the indictment for violation of the Speedy Trial Act.

          Respectfully submitted,


          <u>/s/ Jonathan Shapiro</u>
          Jonathan Shapiro
          BBO. No. 454220
          Stern Shapiro Weissberg
            & Garin, LLP
          90 Canal Street
          Boston, MA 02114
          (617)742-5800

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated a non registered participants on March 31, 2006.

<u>/s/ Jonathan Shapiro</u>