UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V. ) | Criminal No. 04-10117-RWZ |
| ) | |
| ) | |
| DARREN FRANKLIN ) | |

GOVERNMENT'S OPPOSITION TO MOTION TO RECONSIDER

Now comes the United States, in the above captioned matter and submits this response to the Defendant's Motion to Reconsider. As reasons therefore, the Government states that for the reasons already stated in the Government's Opposition to the Defendant's Motion to Dismiss dated March 14, 2006 (Docket Entry # 48), and the Court's Order dated March 17, 2006 (Docket Entry # 53), the Defendant's motion should be denied.

In response to the issues raised by the defendant's motion to reconsider, the Government adds the following brief points. Unlike in *United States v. Scott*, 270 F.3d 30 (1st Cir. 2001) in which no hearing occurred after the submission of the filings, the hearing on the motion to suppress in this case was completed *after* the potentially offending delay, so all of that time is automatically excluded by operation of 18 U.S.C. §3161(h)(1)(F). Moreover, in *Scott*, the First Circuit's prescription to avoid Speedy Trial Act violations was followed in this case – "A hearing date need not be scheduled until the Court has had the opportunity to review the materials and to determine if additional filings are needed." *Scott* at 57.

To place the defendant's supplementation to his original motion to suppress in context, a brief chronology may assist the Court. In its May 14, 2004 automatic discovery letter, the government advised the defendant of the statements he had made and of the drugs seized from

-1-

his vehicle on April 15, 2004, at the time of his arrest. Nevertheless, it was not until what was scheduled to be the final status conference, on September 14, 2004, that Franklin asked for and received a deadline for filing a suppression motion. Even then, when Franklin did file a suppression motion on October 14, 2004, he submitted a one-page motion accompanied by a three-page affidavit by the defendant and sought to suppress only the drugs seized from his car. On November 12, 2004, the government filed its opposition to the suppression motion, including in its response, the statements made by the defendant in support of the bases for the warrantless search of his car. On December 20, 2004, this Court scheduled a non-evidentiary hearing on the defendant's suppression motion for January 12, 2005. It was not until January 7, 2005 that the defendant filed a reply memorandum and supplemental affidavit contesting those statements for the first time and argued that he was in fact entitled to an evidentiary hearing. Consequently, the January 20, 2005 hearing took up the issue of the propriety of a future evidentiary hearing and the defendant's statements. The Court, after reviewing the materials, including the supplemental pleadings and argument, scheduled an evidentiary hearing on the motion to suppress. The balance of procedural posture is amply laid out in the record and previous pleadings.

        Accordingly, for the reasons already stated, the Court should DENY the defendant's motion.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                        By:    /s/ Aloke Chakravarty
                                ALOKE CHAKRAVARTY
                                SABITA SINGH
                                ASSISTANT U.S. ATTORNEYS

April 13, 2006

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2006.

                          /s/ Aloke Chakravarty
                          ALOKE CHAKRAVARTY
                          ASSISTANT UNITED STATES ATTORNEY