UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10117-RWZ

UNITED STATES OF AMERICA

v.

DARREN FRANKLIN

MEMORANDUM OF DECISION

June 8, 2006

ZOBEL, D.J.

Defendant moves for reconsideration of the denial of his motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3162 ("the Act").  The dispute begins with defendant's filing of a motion to suppress on October 14, 2004, in which he also requested an evidentiary hearing.  (Def.'s Mot. to Suppress 3).  The parties agree that all time prior to October 14 is excluded, and there is no dispute that filing of the motion stopped the speedy trial clock under 18 U.S.C. § 3161(h)(1)(F).  The question is when it began ticking again.  A non-evidentiary hearing was conducted on January 20, 2005, at which time I allowed the parties until February 14, 2005, to file supplemental papers on the issue of probable cause.  (Jan. 20, 2005 Hearing Tr. 21).  Defendant argues that the motion was taken "under advisement" within the meaning of 18 U.S.C. § 3161(h)(1)(J) on February 14, 2005.  Therefore, defendant contends that the clock began ticking again 30 days later, on March 13, 2005, under § 3161(h)(1)(J), and

stopped on September 9, 2005, the date on which I granted defendant's request for an evidentiary hearing—a period of 180 days. The government's position, however, which I accepted in my original ruling, is that the motion was not "under advisement" until December 14, 2005, the date on which the evidentiary hearing was concluded. According to the government, therefore, the clock did not begin ticking again until January 13, 2006, under § 3161(h)(1)(J).

Defendant cites United States v. Janik, 723 F.2d 537 (7th Cir. 1983), and United States v. Scott, 270 F.3d 30 (1st Cir. 2001), and careful examination of those cases leads me to conclude that dismissal is required. In Janik, the defendant filed a motion to suppress on November 23, 1981. 723 F.3d at 542. A 2-day hearing on the motion was conducted in April and May of 1982, and the last post-hearing briefs were filed on August 6, 1982. On November 12, however, the court "ordered the hearing reopened to take additional testimony." Id. The Seventh Circuit found that the motion was "under advisement" as of August 6, 1982, that the clock began ticking on September 5, and that the period between September 5 and November 12, when the court ordered the hearing reopened, was not excluded. Id. at 544-45.

Janik is distinguishable from this case, but not sufficiently distinguishable so as to warrant a different outcome. First, there was apparently no question in Janik that the motion to suppress was taken "under advisement" after the first evidentiary hearing and the filing of post-hearing briefs. Id. at 543. Here, by contrast, it was not entirely clear at the close of the January 20, 2005 non-evidentiary hearing whether or not the matter was under advisement. On the one hand, the possibility of an evidentiary hearing was

2

left open. (Jan. 20, 2005 Hearing Tr. 21). On the other hand, the possibility that no further hearing would be necessary was also left open. Specifically, when discussing the government's probable cause argument, I told the parties that disposition of the motion on the papers might be appropriate, and that, if so, no evidentiary hearing would be required. (Id. at 20-23).

According to defendant, these statements should be construed as indicating that the motion was "under advisement" until further notice. In United States v. Scott, the defendant filed a motion to suppress, for which a hearing was scheduled on September 16, 1999. Scott, 270 F.3d at 54. At the scheduled hearing, counsel agreed to submit the motion on the filings, but the trial court made certain statements that, as in this case, raised the possibility of further proceedings on the motion. Specifically, the court noted "if, as I wrestle with the papers, I think that I want to hear from anyone, you can be sure that I will schedule a hearing and not just go ahead on the paper record," thus suggesting that a further evidentiary hearing might be required. Id. (internal quotation marks and brackets omitted). However, at the close of the hearing, the trial court stated that he would "take the matter under advisement on the record as it's been prepared." Id. (internal quotation marks and brackets omitted).

The First Circuit took the trial court's final statement literally and found that the matter had been taken under advisement, despite the earlier suggestion that a further hearing might be necessary. Id. at 55-56. Were the First Circuit's holding based solely on the district court's language, Scott might be distinguished from this case, in which no statement about taking the matter "under advisement" was ever made. But the First

3

Circuit's speedy trial analysis—while emphasizing that the trial court had "explicitly [taken] the matter under advisement"—is not based solely on the trial court's use of the talismanic phrase. It is, instead, based on a reading of the Act and its underlying principles that is directly applicable here. In particular, the court emphasized that the 128-day delay between the date of the hearing and the date of disposition could not retroactively be excused by arguing that the court had left open the possibility of further proceedings and thus had not really taken the matter under advisement at the time of the hearing. The First Circuit expressly noted that it did not matter whether the trial court explicitly stated that the matter was "under advisement"; rather, for speedy trial purposes, the focus was on whether the matter was "effectively" under advisement.

> Nor does the STA make any provision for a district court <u>effectively</u> to take a matter under advisement for decision, but then to avoid the STA timeline by saying that matter was not under advisement within the meaning of the Act. . . . Such an approach would undermine the purposes of the Act.

<u>Id.</u> at 56 (emphasis added); <u>see also</u> <u>id.</u> at 57 (noting that a trial court might face practical problems if need for hearing arose after motion was taken under advisement, but finding that 30-day limit should nevertheless apply in almost all cases).

In this case, as in <u>Scott</u>, the parties were told at the January 20, 2005 hearing that the motion could very well be decided on the papers or might require further evidentiary proceedings. Under <u>Scott</u>, such statements fairly indicated that the motion was "under advisement" until further notice. Moreover, the several-month delay between the defendant's submission of supplemental papers in February 2005, and the court's order granting an evidentiary hearing in September 2005, gave no indication to

4

defendant that further proceedings would be held.[1]  I therefore find that defendant's motion was taken "under advisement" following the filing of post-hearing briefs in February 2005, and the speedy trial clock began to run on March 13, 2005.  As in Janik, the September 9, 2005 order granting defendant's request for an evidentiary hearing did not retroactively exclude the intervening period.  And as in Scott, the discussion of possible further evidentiary hearings at the January 20, 2005 hearing did not prevent the matter from being taken under advisement at that time.  The 180-day period between March 13, 2005, and September 9, 2005 exceeds the statutory limit.  Dismissal under the Act is therefore appropriate, and it is accordingly unnecessary to consider defendant's argument with respect to the additional disputed period following the evidentiary hearing.

The remaining question is whether dismissal should be with or without prejudice.  The Act directs courts to consider:

> among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).  In addition, the First Circuit has added a fourth factor to be considered—"whether the delay resulted in actual prejudice to the defendant."  Scott,

---

[1] Indeed, as in Janik, the facts underlying the suppression motion were relatively simple and thus the 180-day period cannot be attributed to a complex analysis of whether an evidentiary hearing was required.  See 723 F.2d at 545; see also Scott, 270 F.3d at 57 (warning courts to "identify the need for additional filings" early in the 30-day period after a motion is taken under advisement).

270 F.3d at 58.  In this case, each of these factors militates in favor of dismissal without prejudice.[2]

First, as to seriousness of the offense, defendant is charged with possession of a significant amount of crack cocaine, as well as possession of a large quantity of ammunition, and he faces a potential life sentence.  The charges and consequences are indisputably grave.  (Dec. 14, 2005 Hearing Tr. 121).  Cf. id. (offense carrying maximum 30-year sentence deemed "serious"); Janik, 723 F.2d at 546-47 (same for maximum 10-year sentence).  Second, the facts and circumstances of the delay "do not show any bad faith on the part of the government"; the delay was instead attributable to the court.  Scott, 270 F.3d at 58.  And defendant, rather than pushing for trial, sought and received several continuances along the way.  See United States v. Barnes, 159 F.3d 4, 16 (1st Cir. 1998) (where defendant sought and received several continuances and "never raised the speedy trial claim until the last possible moment," but instead sat "sitting silently as the delay mounted," dismissal without prejudice was appropriate).  Third, the impact of reprosecution on the administration of justice and on the STA do not warrant dismissal with prejudice.  It is unlikely that defendant's case, if reindicted, would take as long to proceed to trial the second time, particularly since the facts in dispute are, as revealed as the suppression hearing, relatively few.  Furthermore,

---

[2] As the Seventh Circuit has noted, the Act expressly provides for dismissal without prejudice, though it may ultimately occasion further delay in the event that the government reindicts.  See Janik, 723 F.2d at 546.  The possibility of such delay is not, however, reason to deny a defendant's motion to dismiss when dismissal is required under the Act.  Id.  Thus, the First Circuit has previously found dismissal under the Act appropriate, even where "it is likely the charges will be brought anew."  Scott, 270 F.3d at 58.

dismissing the case without prejudice will have a deterrent effect sufficient to satisfy the aims of the STA. In this case, "the fact that a retrial might be necessary at all is . . . deterrence enough." Id. at 18. Finally, prejudice to the defendant—who "never manifested any desire to see the proceeding moved along any faster than it was," Janik, 723 F.2d at 546, who has sought and received multiple continuances, and who has "never asserted that the delay has adversely affected his ability to prepare for trial," Scott, 270 F.3d at 58—is not weighty enough to require dismissal with prejudice. See also Barnes, 159 F.3d at 18.

Accordingly, defendant's motion for reconsideration (#56) is allowed, and the indictment is dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2). The detention order shall remain in effect pending appeal.

|  06/08/06  | /s/ Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |